DOCKET NO. 778

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

. RE AMBASSADOR GROUP, INC., LITIGATION

OCT 12 1988

TRANSFER ORDER

PATRICIA D. HOWARD
CLERK OF THE PANEL

This litigation presently consists of four actions listed on the attached Schedule A and pending in two districts as follows:  two actions each in the District of New Jersey and the Eastern District of New York.  Before the Panel is a motion by Coopers & Lybrand, Inc., a defendant in three of the actions, to centralize the actions under 28 U.S.C. §1407 in the Southern District of New York, or, alternatively, the Eastern District of New York.  Twelve additional parties named as defendants in one or more of the various actions support the motion.  Plaintiffs in the two New York actions both support centralization, but they differ from movant over the preferred transferee forum (one favors selection of the Eastern District of New York, the other favors the District of New Jersey).  Plaintiff in one of the New Jersey actions states that it takes no position on the question of transfer, but if the Panel determines that centralization is appropriate, then plaintiff favors the District of New Jersey as transferee forum.  Plaintiff in the remaining New Jersey action, who is also a defendant in two more actions, opposes transfer, as does one additional defendant in one of the New York actions.  The New Jersey action opposing plaintiff supports selection of the District of New Jersey as transferee forum if the Panel nevertheless orders centralization in this docket.

On the basis of the papers filed,[1] the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Eastern District of New York will best serve the convenience of the parties and witnesses and omote the just and efficient conduct of this litigation.  While the legal theories at sue in the actions may vary, all actions share a core of complex questions concerning the financial difficulties of Ambassador Group, Inc., and one or the other or both of its two insurance company subsidiaries.  Transfer under Section 1407 is thus necessary in order to avoid  duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Given the proximity to each other of the suggested transferee forums, it is clear that none of the suggested districts would be an inconvenient location for this litigation.  On balance, we are persuaded that the Eastern District of New York is the preferable transferee district.  We note that 1) two of the four actions in this docket are pending there; 2) the first filed action was brought there; and 3) related litigation is pending in the New York state courts, thus enhancing the opportunity for state/federal coordination if such coordination is deemed advisable.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the District of New Jersey be, and the same hereby are, transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Raymond J. Dearie for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

[1]  The parties to this docket waived oral argument and, accordingly, the question of centralization under Section 1407 was submitted on the briefs.  Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

SCHEDULE A

MDL-778 -- In re Ambassador Group, Inc. Litigation

District of New Jersey

Gretchen Babcock v. Arnold Chait, et al.,
    C.A. No. 85-2441
North American Reinsurance Corp. v. Gretchen Babcock, et al.,
    C.A. No. 87-3025

Eastern District of New York

David Michaels v. Ambassador Group, Inc., et al.,
    C.A. No. 84-2455
National Union Fire Insurance Co. of Pittsburgh, Pa. v. Ambassador
    Group, Inc., et al., C.A. No. 85-2132